**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Daniel Smith, | ) | |
| | ) | Civil Action No.: 5:18-cv-00430-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 30, 2019. (ECF No. 19.) The Report addresses Plaintiff Daniel Smith's ("Smith") claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration. (*Id.* at 1, 21.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report, incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 19.) As brief background, on July 11, 2013, Smith filed an application for DIB that was denied initially and upon reconsideration. (*Id.* at 1.) After a hearing was held on January 11, 2017, an administrative law judge ("ALJ") determined, on March 1, 2017, that Smith possessed "affective disorders; anxiety disorders; essential hypertension; migraines; obesity; sleep apnea; and posttraumatic stress disorder," all of which "meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (ECF No. 12-3 at 9, 7.) The ALJ concluded that Smith possessed the residual functional capacity

("RFC") to perform "a full range of work at all exertional levels, but with [] non exertional limitations . . . ." (*Id.* at 19.) Specifically, the ALJ found that Smith "can understand and execute simple, routine, and repetitive tasks when production is measured no earlier than the end of the workday. He can have occasional contact with coworkers and supervisors and incidental contact with the public, but not with tasks that involve direct customer service." (*Id.* at 9.) When formulating the aforementioned RFC, the ALJ concluded that Dr. Jeffrey Schreiber, a former, treating psychologist of Smith, offered "vague and conclusory" opinions relating to an issue reserved to the Commissioner, and, therefore, the ALJ accorded "little weight" to Dr. Schreiber's opinions. (*Id.* at 11.) The ALJ also determined that Dr. Mike Abrams, another former, treating psychologist of Smith, offered "vague and conclusory" opinions, but accorded his evaluation of Smith with "some weight in limiting [him] to work involving simple tasks with a reduced degree of social contact and workplace changes or demands that can reasonably be expected to produce stress . . . . ." (*Id.* at 12.) After considering Smith's age, education, work experience, and RFC, the ALJ denied DIB to Smith because there are jobs that exist in significant numbers in the national economy for him to perform, and, thereby, he was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 13–14.)

Smith's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on December 15, 2017. (ECF No. 12-2 at 4.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review; *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Smith filed the instant action on February 14, 2018. (ECF No. 1.)

On April 23, 2018, after receiving additional evidence from Smith, the Council informed Smith that it would take "no further administrative action . . . pending the court's review." (ECF No. 12-2 at 2.)

In the Report, the Magistrate Judge reasoned that, based upon the record, the ALJ's decision rested upon substantial evidence. (*See* ECF No. 19 at 13–21.) Specifically, the Report noted that the ALJ's RFC assessment "considered the medical records from six different medical providers and the reports of [s]tate agency psychological and medical consultants." (*Id.* at 16.) Further, the Report explained that "there was no reason for the ALJ to re-contact Dr. Abrams or Schreiber[,] and the ALJ was under no obligation to do so." (*Id.* at 20.) For those reasons, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 21.)

The parties were apprised of their opportunity to file specific objections to the Report on April 30, 2019. (ECF No. 19-1 at 1.) On May 14, 2019, Smith timely filed his Objections to the Report and first stated that he "maintains his original argument that the ALJ's RFC was not supported by substantial evidence." (ECF No. 20 at 1.) Next, Smith suggested that the ALJ committed an "apparent and definite" harm that was prejudicial. (*See id.* at 2–3.) Lastly, Smith seems to argue that the court should reject the Magistrate Judge's recommendation that the ALJ did not possess a reason to re-contact Dr. Abrams and Dr. Schreiber and maintains that the ALJ "should have relied on Dr. Jones" as opposed to "the non-examining opinion [that] was totally contradicted by the other sources of record." (*Id.* at 3.) On May 28, 2019, the Commissioner replied to Smith's Objections. (ECF No. 23.) The Commissioner requests the court to adopt the Magistrate Judge's Report because Smith's Objections "reargue the very same issues raised by [him] in his initial and reply briefs . . . ." (*Id.* at 2.) Additionally, the Commissioner submits that Smith "has not identified any credible legal errors" within the Magistrate Judge's Report, and the court should

overrule any objections raised by Smith. (*Id.* at 2–3.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76

F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Smith seems to attempt three possible objections to the Magistrate Judge's Report. (ECF No. 20 at 1–3.) First, Smith states that he "maintains his original argument that the ALJ's RFC was not supported by substantial evidence." (*Id.* at 1.) Second, Smith seems to imply or suggest that the ALJ committed an "apparent and definite" harm that was prejudicial. (*See id.* at 2–3.) Lastly, Smith seems to argue that the court should reject the Magistrate Judge's recommendation that the ALJ did not possess a reason to re-contact Dr. Abrams and Dr. Schreiber and maintains that the ALJ "should have relied on Dr. Jones" as opposed to "the non-examining opinion [that] was totally contradicted by the other sources of record." (*Id.* at 3.) Notably, all of these arguments were before the Magistrate Judge when Smith submitted his Brief. (*Compare* ECF No. 20, *with* ECF No. 14.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes

what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Smith's Brief (ECF No. 14), Smith's Objections (ECF No. 20), and the Magistrate Judge's Report (ECF No. 19). After examining all of the relevant pleadings, the court concludes that Smith's Objections restates arguments that were adequately addressed by the Report. (*Compare* ECF No. 20 at 1–4, *with* ECF No. 19 at 13–21.) Moreover, Smith's Objections largely mirror the Brief considered by the Report. (*Compare* ECF No. 20, *with* ECF No. 15.) Indeed, after initially recounting the Magistrate Judge's findings, Smith states that he "maintains his *original argument* that the ALJ's RFC was not supported by substantial evidence." (ECF No. 20 at 1 (emphasis added).) Smith's Objections hardly, if at all, reference any error committed by the Magistrate Judge's Report. (*See id.* at 1–3.) As such, a *de novo* review is unnecessary because Smith has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Smith. *Orpiano*, 687 F.2d at 47. The court finds that the Report

effectively addresses Smith's Objections and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). As such, the court finds that the ALJ's decision was supported by substantial evidence. Therefore, the Report is adopted herein. *See Walls*, 296 F.3d at 290.

## IV. CONCLUSION

After a thorough review of Smith's Objections (ECF No. 20) and the Magistrate Judge's Report (ECF No. 19), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

May 28, 2019
Columbia, South Carolina